IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIAM E. GLASS and ANN RUTHERFORD
In Her Representative Capacity for JOHN
WAYNE DOBBS, Deceased                                                PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:05CV145-B-A

BEVERLY ENTERPRISES, INC.; BEVERLY
HEALTH AND REHABILITATION
SERVICES, INC.; BEVERLY HEALTHCARE,
INC.; BEVERLY ENTERPRISES MISSISSIPPI,
INC.; WILLIAM R. FLOYD and DAVID R.
DEVEREAUX                                                            DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion to strike class action allegations, the defendants' motion to dismiss for failure to provide written notice of intention to begin the action, the defendants' motion to compel arbitration, and the defendants' motion to file supplement to motion to dismiss. Upon due consideration of the motions, responses, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff William E. Glass was a resident of Beverly Healthcare Eason Boulevard in Tupelo, Mississippi, from the fall of 2004 until August 2005. Plaintiff Ann Rutherford is the representative of her deceased father, John Wayne Dobbs, who was a resident of Beverly Ripley in Ripley, Mississippi, from August 2002 to June 2004. Glass filed the present action on November 14, 2005, seeking both declarative and monetary relief for the Beverly defendants' alleged under-staffing, breach of contract, and inhumane treatment of their residents. The complaint was subsequently amended to name Dobbs as a plaintiff through his representative,

Rutherford. The plaintiffs allege the existence of a putative class of residents and former residents of Beverly facilities who have suffered the same harm as that alleged by Glass and Rutherford.

The defendants have moved to strike class action allegations, to compel arbitration of Glass' claims, and to dismiss Rutherford's claims for failure to provide written notice of intention to begin the action as required by Miss. Code Ann. § 15-1-36(15).

Analysis

The court first addresses the defendants' motion to compel arbitration which has been confessed by Glass. Glass concedes that he entered into a valid, binding arbitration agreement with Beverly that requires him to submit his claims to arbitration. He further admits that the arbitration agreement is silent as to whether class arbitration is permitted and that this question is for the arbitrator to decide. Glass then, however, requests that the court sever his claims and the claims of putative class members who signed arbitration agreements from those who did not and direct the signing parties to submit their claims to arbitration.

The court rejects this approach. The class has not been certified. "Prior to class certification, the action is one brought by the named plaintiff(s) individually, seeking to join others upon certification to form a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." *Naquin v. Nokia Mobile Phones, Inc.*, No. CIV. A. 00-2023, 2000 WL 33593205, at *2 (E.D. La. Nov. 8, 2000). The Supreme Court has established that dismissal of an action prior to class certification is proper when the claims of the representative party become moot. *See Board of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128 (1975). "The court's

ability to entertain the class action is therefore contingent on its ability to assert jurisdiction over the claims of the named plaintiff(s)." *Naquin*, 2000 WL 33593205, at *2.

By Glass' own admission, his claims are covered by the binding arbitration agreement. The court finds that Glass and the defendants should proceed to arbitration on Glass' claims. The court does not, however, make any findings or determinations as to the unspecified putative class members whose claims are not properly before this court.

The defendants have also moved to dismiss Rutherford's claims on the ground that she failed to provide written notice of intention to begin the action. Mississippi Code Ann. § 15-1-36(15) provides that "[n]o action based upon [a] health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15). Rutherford responds that this lawsuit is for breach of contract, concealment and deceit, civil conspiracy, declaratory judgment and other equitable relief. According to Rutherford, nowhere in the complaint or amended complaint do the plaintiffs make a claim for negligence, professional or otherwise. The court disagrees.

First, the court notes that the original plaintiff in this action, William Glass, did serve a notice of intent. It thus appears that Glass would characterize his lawsuit as one encompassing negligence claims. Glass' causes of action are identical to those of Rutherford. The court must therefore assume that Rutherford intended to allege negligence on the part of the defendants, and the court finds that this assumption is supported by the language of the complaint. For instance, in the section of the complaint specifically addressing Dobbs, Rutherford alleges that Dobbs received substandard care in several regards – that he was forced to lay in his own urine and

3

feces for extended periods of time; that he lost sixty pounds due to inadequate provisions of food and hydration; that he developed bed sores and underwent a foot amputation due to those bed sores; and that he did not receive his proper medications. In essence, Rutherford asserts that the defendants breached their duty to care for their residents – in other words, a medical malpractice claim. The court cannot allow the plaintiff to characterize obvious negligence claims as a purely contractual dispute.

The Mississippi Supreme Court has rejected a plaintiff's assertion that her claim was "more of a breach of contract claim than a medical malpractice claim." *McMichael v. Howell*, No. 2004-CA-01525-SCT, 2005 Miss. LEXIS 367, at *12 (Miss. 2005). The plaintiff in *McMichael* asserted that expert testimony was not required to support her breach of contract claim, though such testimony would be required to support a medical malpractice claim. *McMichael*, 2005 Miss. LEXIS 367, at *11-12. The court held that the plaintiff's contentions regarding the defendant's failure to perform certain medical services was a claim for medical negligence, and not breach of contract. *Id.* at *13. This court finds likewise.

A plaintiff's "failure to send to defendants a notice of intent to sue is an inexcusable deviation from the Legislature's requirements for process and notice under Miss. Code Ann. Section 15-1-36(15), and such failure warrants dismissal of [the] claim." *Pitalo v. GPCH-GP, Inc.*, No. 2005-CA-00012-SCT, 2006 Miss. LEXIS 222, at *4 (Miss. 2006). Rutherford has not complied with the notice procedure required by the applicable statute, and her claims must be dismissed. The defendants' motion to dismiss will, therefore, be granted.

4

As addressed above, "[p]rior to class certification, the action is one brought by the named plaintiff(s) individually . . . ." *Naquin*, 2000 WL 33593205, at *2. Because Rutherford's claims must be dismissed, the class action allegations will not be considered.

This court's rulings on the defendants' motion to compel arbitration and their motion to dismiss renders their motion to strike class action allegations moot.

Conclusion

For the foregoing reasons, the court finds that the defendants' motion to strike class action allegations should be denied as moot; that the defendants' motion to dismiss for failure to provide written notice of intention to begin the action should be granted; that the defendants' motion to compel arbitration should be granted; and that the defendants' motion to file supplement to motion to dismiss should be granted. A separate order in accord with this opinion shall issue this day.

This, the 13th day of March, 2007.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**